# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BARBARA L. MULVANEY,

     Plaintiff,

    vs.                                                      No. CIV 98-1137 JC/LFG

NEW MEXICO ATTORNEY GENERAL'S
OFFICE, et al.,

     Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Objection to Magistrate's June 4, 1999 Order Denying Motion to Compel and for Sanctions, filed June 18, 1999 *(Doc. 47)*. Plaintiff objects to the Magistrate Judge's June 4, 1999 Order on four grounds: 1) the Magistrate Judge's finding that Plaintiff's brief verbal extension of time for Defendants to respond to discovery requests ran until April 23, 1999 is clearly erroneous; 2) the Magistrate Judge's finding of a verbal extension of time to respond to discovery requests is contrary to law; 3) the Magistrate Judge's finding that Defendant expeditiously provided the requested discovery is clearly erroneous; 4) the Magistrate Judge's failure to impose sanctions because Defendants' actions were not "callous" is contrary to law; and 5) contrary to the Magistrate Judge's determination that the motion to compel is moot, additional discovery is necessary to fill in gaps left in Defendants' production of documents.

A.     **Standard of Review**

Federal Rule of Civil Procedure 72(a) addresses Magistrate Judges' rulings on nondispositive matters. Rule 72(a) provides, in part, that:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U. S. 364, 395, *rehr'g denied*, 333 U.S. 869 (1948). In other words, the clearly erroneous standard requires that a decision must strike the Court as more than maybe or probably wrong; it must strike the Court with the force of a five-week old, unrefrigerated dead fish. *National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P. A.*, 139 F.R.D. 401, 402 (D.N.M. 1991) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F. 2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U.S. 847 (1989)). When reviewing a question of law, however, the standard is *de novo*. *See* 19 MOORE'S FEDERAL PRACTICE § 206.04[1] (3rd ed. 1999) (noting that a lower court's conclusions on "questions of the application, interpretation, and construction of law in civil and criminal cases are reviewed de novo on appeal"). This Court, therefore, owes no deference to the Magistrate Judge's legal conclusions, and it may substitute its own judgment on questions of law. *Id.*

**B.     The Verbal Extension of Time**

The first issue is whether the Magistrate Judge clearly erred by finding that Plaintiff's verbal brief extension of time continued through April 23, 1999. During the last week of March 1999, Plaintiff's counsel verbally agreed to a brief extension of Defendants' deadline to respond to Plaintiff's first set of requests for production. Discovery closed on April 5, 1999. On April 22, 1999, Plaintiff's counsel wrote to Defendants' counsel asking for the responses to the discovery requests. Defendants served the responses to the discovery requests on the next day. An extension of time greater than twenty-two days strikes one as not being "brief," especially considering it went past the discovery deadline by seventeen days. However, there is no indication that Plaintiff attempted to enforce the "brief" extension by contacting Defendants' counsel prior to the close of discovery or even shortly after the close of discovery, i.e., a few days later. Without any other evidence of what the parties meant by a "brief" extension of time, I conclude that the Magistrate Judge's finding that the parties agreed to an extension of time continuing through April 23, 1999 does not meet the "dead fish" standard and is, therefore, not clearly erroneous.

Plaintiff also argues that the Magistrate Judge's finding that the parties agreed to an extension until April 23, 1999 to provide discovery responses is contrary to law. FED. R. CIV. P. 34(b) states that a longer time to provide discovery responses "may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29." FED. R. CIV. P. 29 states that any written stipulation to extend time for discovery responses which interferes with the discovery deadline may "be made only with the approval of the court." In this instance, the parties did not make a written stipulation to extend the discovery response deadline nor did they seek the court's approval to extend the discovery deadline. Under these circumstances, I find that the extended deadline of

April 23, 1999 was improperly made and so not subject to enforcement. Consequently, I find that the Magistrate Judge's conclusion that the parties had entered into a binding agreement to extend the discovery response deadline to April 23, 1999 is contrary to law.

**C.     Expeditious Production of Documents**

Plaintiff further argues that the Magistrate Judge's finding that Defendants expeditiously produced the requested documents is clearly erroneous. After Defendants responded to Plaintiff's first set of document requests on April 23, 1999, Defendants obtained the requested documents by May 17, 1999 but did not actually get the documents to Plaintiff until May 25, 1999 due to scheduling of delivery and copying. Defendants explained that the delay in producing the documents was caused by a change in administration in January 1999 when a new Attorney General came into office. Apparently, several persons in the Attorney General's Office who had knowledge of the whereabouts of the requested documents had left the employment of the Attorney General's Office and so Defendants had to track those persons down to locate the requested documents. I find that Defendants could be found to have worked as expeditiously as possible under these conditions to obtain the discoverable documents. Accordingly, I find that the Magistrate Judge's conclusion that Defendants expeditiously provided the discovered documents fails the "dead fish" test and so is not clearly erroneous.

**D.     Failure to Impose Sanctions**

Moreover, Plaintiff complains that the Magistrate Judge's failure to impose sanctions because Defendants' actions with respect to the response to discovery and production of documents was not "callus" is contrary to law. FED. R. CIV. P. 37(a)(4)(A) states that sanctions in the form of reasonable expenses is called for when a motion to compel is granted or if the requested discovery is provided

after the motion to compel is filed. However, the imposition of such sanctions may be averted if "other circumstances make an award of expenses unjust." *Id.* Whether to impose sanctions under Rule 37 is a matter of discretion. *See Willner v. University of Kansas*, 848 F.2d 1023, 1030 (10th Cir.1988), *cert. denied*, 488 U.S. 1031(1989). In this instance, the parties, albeit improperly, agreed to extend the deadline for Defendants to respond to discovery requests, and Defendants provided the sought documents as expeditiously as they could. The Magistrate Judge did not abuse his discretion in finding that Defendants' failure to act with callousness implicitly made an award of sanctions unjust in that situation. Consequently, the Magistrate Judge's failure to award sanctions on the basis of lack of callousness is not contrary to law.

### E. <u>Mootness and the Need to Reopen Discovery</u>

Plaintiff contends that the Magistrate Judge's finding that the motion to compel was moot because Defendants produced the requested discovery documents is clearly erroneous. Plaintiff requested in her motion to compel that she be allowed to conduct discovery necessitated by Defendants' production of the requested documents. The Magistrate Judge did not address this request for additional discovery but rather found that the motion to compel was moot because Defendants produced the requested documents. The Magistrate Judge's finding of mootness is not clearly erroneous as far those documents already produced. I find, however, that the Magistrate Judge's June 4, 1999 Order should be modified to allow discovery to be reopened for 60 days with an opportunity for the parties to supplement their briefs on the motion for summary judgment after discovery is closed. In addition, the pretrial conference and trial dates should be vacated until further notice from the Court.

Wherefore,

IT IS ORDERED that Plaintiff's Objection to Magistrate's June 4, 1999 Order Denying Motion to Compel and for Sanctions, filed June 18, 1999 *(Doc. 47)*, is **granted in part**.

IT IS FURTHER ORDERED that the Magistrate Judge's June 4, 1999 Order is reversed as to the validity of the parties' agreement to extend Defendants' deadline to respond to discovery until April 23, 1999.

IT IS FURTHER ORDERED that the Magistrate Judge's June 4, 1999 Order is modified to reopen discovery for 60 days from the date of the entry of this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Magistrate Judge's June 4, 1999 Order is modified to allow Plaintiff 20 days from the close of discovery to supplement her response to Defendants' motion for summary judgment, Defendants 40 days from the close of discovery to supplement their reply brief, and Plaintiff 60 days from the close of discovery to supplement her surreply.

IT IS FINALLY ORDERED that the July 27, 1999 pretrial conference and the August 17, 1999 trial scheduled in this matter are **vacated** until further order of the Court.

DATED this 19th day of July, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:   Paul J. Kennedy
                         Mary Y. C. Han
                         Albuquerque, New Mexico

Counsel for Defendants:  Judith C. Herrera
                         John B. Pound
                         Herrera, Long & Pound
                         Santa Fe, New Mexico